**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOSEPH ANTONETTI,

      Plaintiff,

v.                                               No. 21-cv-1202 MIS-GJF

JOHN GAY, *et al*,

      Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on Plaintiff's Prisoner Civil Rights Complaint (Doc. 1) (Complaint).  Also before the Court is his Motion for Temporary Restraining Order (Doc. 5) (Motion).   Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*.   He alleges officials at the Penitentiary of New Mexico (PNM) and the New Mexico Corrections Department (NMCD) violated his rights under, inter alia, the First Amendment, Eighth Amendment, and the Due Process Clause.   Plaintiff was previously housed in the Predatory Behavior Management Program (PBMP), where he spent at least 39 days in solitary confinement without recreation, hygiene facilities, hot water, or proper ventilation.  Plaintiff alleges his cell had mold and he had trouble breathing.   Plaintiff further alleges he is unable to access religious books or services at PNM; prison officials are interfering with his legal mail and access to Courts; and he has not received his stimulus checks from the Internal Revenue Service (IRS).

The Complaint seeks unspecified damages and injunctive relief from 13 Defendants who are associated with NMCD and PNM: (1) NMCD Director John Gay; (2) NMCD Secretary Alisha Lucero; (3) PNM Warden Leon Martinez; (4) Warden David Gonzalez; (5) Unit Manager Robert Sanchez; (6) Grievance Officer Janine Rodriguez; (7)

Unit Manager Lovato; (8) Sergeant Sanchez; (9) Lieutenant Ortiz; (10) Lieutenant Morris; (11) Mailroom Officer Denis Mares; (12) Mailroom Administrator James Yates; and (13) Property Sergeant Romero.   Together, these Defendants will be called the "Corrections Defendants."   Construed liberally, the Complaint alleges the supervisory Corrections Defendants failed to train the individual PNM officers and enacted policies (*e.g.,* the PBMP solitary confinement program) that caused the constitutional violations.   *See* Doc. 1 at 13. The Complaint also names "John Does 1-20," who reside at PNM, and three Defendants not associated with the prison: New Mexico Governor Michelle Lujan Grisham, President Joseph Biden, and the Internal Revenue Service (IRS).

Having reviewed the matter *sua sponte* pursuant to 28 U.S.C. § 1915(e), the Court finds Plaintiff's claims against the Corrections Defendants survive initial review.   The Court will direct those Defendants to answer the Complaint (Doc. 1) and file a response to the Motion for Temporary Restraining Order (Doc. 5).   The Court will also refer this case to Hon. Gregory Fouratt for a *Martinez* investigation.   *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (A *Martinez* report is "a court-authorized investigation and report" used in *pro se* prisoner cases to evaluate the "factual or legal bases for [the] claims.").   The *Martinez* report is used in a variety of procedural situations, most commonly in deciding an accompanying motion for summary judgment.   *Id.* at 1111 ("A *Martinez* report is treated like an affidavit," and plaintiff may present conflicting evidence). While Defendants are not prohibited from filing a motion to dismiss under Fed. R. Civ. P. 12(b), the Court has discretion to review the *Martinez* report and evidence before making a dispositive ruling.   Most *pro se* prisoner cases are resolved in that manner.

2

As to the remaining named Defendants, the Court finds the Complaint fails to state a cognizable claim against President Biden, Governor Lujan Grisham, or the IRS. Damages claims against the United States President are barred by absolutely immunity, *see Nixon v. Fitzgerald,* 457 U.S. 731, 732–33 (1982), and in any event, President Biden is not personally involved in the alleged wrongdoing.   *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998) (a § 1983 plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution). The claims against Governor Lujan Grisham fail for similar reasons.   There are no credible allegations she was personally involved in Plaintiff's confinement at PNM or that she is responsible for administering the PBMP.   With respect to the IRS, Plaintiff alleges prison officials "ran him in circles with the mail," and the "IRS gave [Plaintiff's stimulus] funds to someone else in the outside world."   Doc. 1 at 24.   It is unclear whether the IRS misdirected/denied Plaintiff's stimulus checks or whether the checks were lost as a result of PNM's mail interference.   The Court declines to order the IRS to respond until Plaintiff clarifies that issue.   The claims against President Biden will be dismissed with prejudice, and the claims against Governor Lujan Grisham and the IRS will be dismissed with leave to file a supplement to the Complaint.[1]   Such partial dismissal will not count as a strike for purposes of 28 U.S.C. § 1915(g).   *See Thomas v. Parker,* 672 F.3d 1182, 1183 (10th

---

[1] Assuming the IRS is at fault, Plaintiff is reminded that individuals seeking a tax credit must generally file a claim for refund with the IRS and then wait six months before filing a lawsuit.   *See Austin v. Internal Revenue Serv.,* 2022 WL 3579888, at *3 (N.D. Cal. Aug. 19, 2022) (addressing a *pro se* suit to recover unpaid stimulus checks and citing 26 U.S.C. §§ 6532 and 7422(a)).   The Court will not *sua sponte* raise the administrative exhaustion requirement as a basis for dismissal on screening, but Plaintiff may benefit from starting that process sooner rather than later.

Cir. 2012) ("Because [§ 1915] refers to dismissals of 'actions,' as opposed to 'claims,' …
a partial dismissal based on one of the grounds enumerated in § 1915(g) is generally not
a proper basis for assessing a strike.").

The Complaint also names John Does 1 through 20, who work at PNM.   The Tenth
Circuit has "recognized the ability of a plaintiff to use unnamed defendants so long as the
plaintiff provides an adequate description of some kind which is sufficient to identify the
person involved so process eventually can be served."   *Roper v. Grayson*, 81 F.3d 124,
126 (10th Cir. 1996).   Plaintiff has not included a description of the John Doe Defendants,
and there is no clear answer in the case law on when the identification must occur.   The
Tenth Circuit has affirmed the dismissal of John Doe defendants on screening where the
complaint lacked sufficient information to effectuate service, but it has also left open the
possibility of resolving the issue on summary judgment.   *Compare Mayfield v.
Presbyterian Hospital Administration*, 772 Fed. App'x 680, 686 (10th Cir. 2019) and *Ellis
v. Oliver*, 714 Fed. App'x 847, 850 n. 1 (10th Cir. 2017).   Having considered the
Complaint, the Court declines to dismiss any claims against John Doe Defendants at this
stage.   Plaintiff may identify additional John Doe Defendants within a reasonable time,
and prior to any dispositive ruling on summary judgment.   Plaintiff should file a separate
motion seeking service on the John Doe Defendants, if and when he identifies them,
and/or a separate motion seeking discovery, if necessary.   Plaintiff qualifies for Court-
supplied service because he is proceeding *in forma pauperis*.   *See* Fed. R. Civ. P. 4(c)(3).

**IT IS ORDERED** that all claims in Plaintiff's Prisoner Civil Rights Complaint (**Doc.
1**) against President Joseph Biden are **DISMISSED with prejudice**; all claims in that

pleading against Governor Michelle Lujan Grisham and the IRS are **DISMISSED without prejudice**; and Plaintiff may file a supplement to the Complaint that amends his claims against Governor Lujan Grisham and the IRS within thirty (30) days of entry of this Order.

      **IT IS FURTHER ORDERED** that the Clerk's Office shall **ISSUE** Notice and Waiver of Service Forms, along with a copy of this Order, the Complaint (**Doc. 1**), and the Motion (**Doc. 5**), to each Corrections Defendant using the following addresses listed in the Complaint.

      Alisha Tafoya Lucero and John Gay:

      P.O. Box 27116
      Santa Fe NM 87502

      Warden Leon Martinez; Warden David Gonzalez; Unit Manager Robert Sanchez; Grievance Officer Janine Rodriguez; Unit Manager Lovato; Sergeant Sanchez; Lieutenant Ortiz; Lieutenant Morris; Mailroom Officer Denis Mares; Mailroom Administrator James Yates; and Property Sergeant Romero:

      P.O. Box 1059
      Santa Fe, NM 87504

      **IT IS FURTHER ORDERED** that, assuming service is waived, the Corrections Defendants shall file an answer to the Complaint (**Doc. 1**) and a response to the Motion (**Doc. 5**) within thirty days after issuance of the Notice and Waiver of Service Forms.   If any Corrections Defendant declines to waive personal service, the Court will order service by the U.S. Marshal but may impose costs or fees pursuant to Fed. R. Civ. P. 4(d)(2).

*Margaret Strickland*
_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE