UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOSEPH ANTONETTI,

    Plaintiff,

v.      Civ. No. 21-1202 MIS/GJF

JOHN GAY, et al.,

    Defendants.

## ORDER GRANTING MOTION TO SEAL

THIS MATTER is before the Court on Corrections Defendants' Motion to Seal [ECF 31] ("Motion"). Therein, Defendants request that the Court "seal sensitive corrections and law enforcement files pertaining to this mater." Mot. [ECF 31] at 1.  Corrections Defendants first seek to completely seal—i.e., prevent both the public and Plaintiff from accessing certain records— "out of concern for the safety of those who live and work in jails." *Id.* at 1–5 (quoting *Brown v. Flowers*, 974 F.3d 1178, 1188 (10th Cir. 2020)).[1]  "Corrections Defendants are willing to submit these files for in camera review at request of the Judge." *Id.* at 1.  Corrections Defendants also request that certain medical-related documents "be sealed from public view, but that Plaintiff [nevertheless] have access to them." *Id.* at 5–6.[2]

The Court finds the Motion [ECF 31] to be well-taken and hereby **GRANTS** it as follows.

---

[1] Such records include information regarding, *inter alia*, "Plaintiff's battery on another inmate with a deadly weapon"; "post-fight images of the Plaintiff and [his] victim in their underwear"; "victim's medical records, graphic images of stabbing victim"; "Medical Incident Report from Plaintiff's fight with another inmate, and images of the assailant/victim"; and "sensitive information pertaining to Plaintiff's criminal history and background"; and "the names of other inmates." Mot. at 2–4; *see Brown*, 974 F.3d at 1187–88 (providing that prisons must "articulat[e] a real and substantial interest that justifies depriving the public of access to the records that inform [the prison's] decision-making process" (quotation omitted)); *Clark v. N.M. Dep't of Corr.*, 58 F. App'x 789, 792 (10th Cir. 2003) (unpublished) (sealing "report contain[ing] information that has the potential to seriously jeopardize [the plaintiff's] and other inmates' safety").

[2] Such records include "Plaintiff's Medical Records"; "Plaintiff's Behavioral and Mental Health Records"; "Plaintiff's medication and pharmacy records"; and "Plaintiff's COVID-19 records." Mot. at 5–6.

**IT IS ORDERED** that (1) the documents identified as posing a "concern for the safety of those who live and work in jails," *id.* at 1–5, shall be sealed; and (2) the medical-related documents, *id.* at 5–6, shall be provided to Plaintiff but sealed from public view.

**IT IS FURTHER ORDERED** that the documents identified as posing a "concern for the safety of those who live and work in jails," *id.* at 1–5, shall be submitted to the Court for *in camera* review. If the Court determines that any such documents do not pose a "concern for the safety of those who live and work in jails," *Brown*, 974 F.3d at 1188, the Court will order the disclosure of such documents to Plaintiff.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE