UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOSEPH ANTONETTI,

    Plaintiff,

v.                                                        Civ. No. 21-1202 MIS/GJF

JOHN GAY, et al.,

    Defendants.

## ORDER STAYING DISCOVERY

THIS MATTER is before the Court on Corrections Defendants' Motion to Stay Discovery [ECF 36] ("Motion"). Therein, Corrections Defendants request that the Court "stay Plaintiff's discovery requests." *Id.* at 1 (citing "Attachment A" [ECF 36-1, ¶¶ 1–2], discussing the applicable discovery requests). Corrections Defendants observe that "[t]he parties have not conferred pursuant to Rule 26(f) and the doctrine of qualified immunity protects Corrections Defendants from the burden of discovery pending a determination of qualified immunity." *Id.* at 1–3.[1] The Court finds the Motion [ECF 36] to be well-taken and hereby **GRANTS** it.

**IT IS THEREFORE ORDERED** that discovery in this case is **STAYED**. After the Court resolves Corrections Defendants forthcoming dispositive motion(s), the Court will then address whether it should permit discovery.

---

[1] *See also* Fed. R. Civ. P. 26(d)(1) (providing that, aside from certain inapplicable exceptions, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"); *Gross v. Pirtle*, 245 F.3d 1151, 1155 (10th Cir. 2001) (observing that "[t]he Supreme Court has emphasized the broad protection qualified immunity affords, giving officials 'a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery'" (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996))); *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) ("Even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government." (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985))).

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE