UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOSEPH ANTONETTI,

    Plaintiff,

v.                                                                                                           Civ. No. 21-1202 MIS/GJF

JOHN GAY, et al.,

    Defendants.

## FOURTH ORDER EXTENDING SUMMARY JUDGMENT DEADLINES AND DENYING PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Second Motion for Extension of Time [ECF 68] and Plaintiff's Motion to Compel [ECF 69]. Corrections Defendants[1] responded to these motions [ECFs 74, 75], and the Court finds no replies necessary. Having considered the motions, the responses in opposition, the record, the relevant law, and being otherwise fully advised, the Court DENIES Plaintiff's Motion to Compel and GRANTS IN PART AND DENIES IN PART Plaintiff's Second Motion for Extension of Time.

In his Motion for Extension of Time, Plaintiff asks the Court to extend his deadline to respond to the Corrections Defendants' summary judgment motions by 30 days. ECF 68 at 1. In support, he asserts that Corrections Defendants have not yet "conferred despite (3) three requests on discovery" and, further, have "not complied with Federal Rules on discovery [given that] discovery is required to amend, answer sum. judgement and dismissal motions." *Id*. Plaintiff concurrently filed his Motion to Compel, in which he contends that the Federal Rules of Civil

---

[1] Corrections Defendants include New Mexico Department of Corrections ("NMDC") Director John Gay, NMCD Secretary Alisha Lucero, Penitentiary of New Mexico ("PNM") Warden Leon Martinez, Warden David Gonzalez, Unit Manager Robert Sanchez, Grievance Officer Janine Rodriguez, Unit Manager Lovato, Sergeant Sanchez, Lieutenant Ortiz, Lieutenant Morris, Mailroom Officer Denis Mares, Mailroom Administrator James Yates, and Property Sergeant Romero. *See* ECF 10.

Procedure "require Defendants to answer discovery responses in 30 days." ECF 69 at 1. Plaintiff explains that he has "written Defendants with 3 requests to confer and 3 discovery requests so far." *Id*. By failing to respond to these requests, Plaintiff submits that Defendants are "holding up th[e] tedious process needed for amendment, answers to summary judgment and dismissal." *Id*.

Corrections Defendants respond to both motions in turn.[2] As to Plaintiff's Motion to Compel, Corrections Defendants submit that there is no basis to compel responses to Plaintiff's discovery requests given the discovery stay currently in place. ECF 74 at 1 (citing Fed. R. Civ. P. 37(a)(3)(B); ECF 42 (Order Staying Discovery)). With respect to Plaintiff's request for an extension of time, Corrections Defendants urge the Court to deny the request "because Plaintiff has not shown that he is entitled to delay of the Court's consideration of [their] pending dispositive motions in order to accommodate discovery." ECF 75 at 3. Corrections Defendants clarify that they do not oppose an extension for a reasonable time to allow Plaintiff to prepare responses to their dispositive motions but oppose "any extension predicated on additional time to complete discovery against them." *Id*. at 4. Corrections Defendants acknowledge that Plaintiffs' request is "analogous" to a request made under Federal Rule of Civil Procedure 56(d) to permit discovery necessary to respond to a summary judgment motion; however, they insist that Plaintiff has failed to satisfy Rule 56(d)'s requirements. *Id*. at 2–3.

Central to the resolution of Plaintiffs' motions is the Court's July 5, 2023 Order Staying Discovery [ECF 42]. As explained in that Order, the Court determined that a discovery stay was

---

[2] Corrections Defendants also filed a separate but related Motion for Protective Order in which they seek an order, pursuant to Federal Rule of Civil Procedure 26(e), extending the deadline for them to respond to written discovery requests propounded by Plaintiff on October 30, 2023, as well as any other outstanding or forthcoming discovery requests by Plaintiff, until 30 days following an order lifting the discovery stay. ECF 73 (citing ECFs 70 (Interrogatories), 71 (Requests for Production), 72 (Requests for Admissions)). Although the Court is inclined to grant Corrections Defendants' motion given the discovery stay in place, it will allow Plaintiff an opportunity to respond, on an expedited basis, to Corrections Defendants' motion. *See* ECF 77.

warranted because "[t]he parties have not conferred pursuant to [Federal Rule of Civil Procedure] 26(f) and the doctrine of qualified immunity protects Corrections Defendants from the burden of discovery pending a determination of qualified immunity." ECF 42 at 1 (quoting ECF 36 at 1–3). Referring to discovery requests Plaintiff prematurely directed to Corrections Defendants,[3] the Court noted that Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." *Id*. at 1 n.1 (quoting Fed. R. Civ. P. 26(d)(1)).

Due to Plaintiff's status as a *pro se* prisoner, the Court did not issue an initial scheduling order or set a scheduling conference pursuant to Federal Rule of Civil Procedure 16, which would have triggered the Rule 26(f) requirement that the parties meet and confer 21 days in advance of the scheduling conference. *See* Fed. R. Civ. P. 16; Fed. R. Civ. P. 26(f)(1); ECF 11. Instead, the Court ordered Corrections Defendants to investigate the incidents underlying Plaintiff's Complaint and to file a *Martinez* Report to develop the factual and legal basis for determining whether a meritorious claim exists. ECF 11 at 1 & n.1 (citing *Martinez v. Aaron*, 570 F.2d 317, 320 (10th Cir. 1978); *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987)). Corrections Defendants filed their *Martinez* Report on June 30, 2023. ECFs 37–39. Shortly thereafter, the Court stayed discovery pending resolution of forthcoming summary judgment motions [ECF 42], which Corrections Defendants filed on August 21, 2023 [ECFs 57–61].

Plaintiff apparently construes the Court's Order Staying Discovery to permit the parties to meet and confer in accordance with Rule 26(f) and/or to propound discovery requests, despite the unresolved qualified immunity issue. *See* ECF 69 (arguing that the Federal Rules of Civil Procedure require discovery responses within 30 days and explaining that he made "3 requests to

---

[3] In their Motion to Stay Discovery, Corrections Defendants asked the Court to stay discovery requests already propounded by Plaintiff, attaching those requests to their motion. *See* ECFs 36, 36-1.

confer and 3 discovery requests so far"). But Plaintiff misunderstands the Court's ruling. Absent an order lifting the discovery stay, neither a Rule 26(f) conference nor discovery is proper. *See* ECF 42. This is not to say that there are no conceivable grounds under which the Court might lift a discovery stay in advance of resolving the qualified immunity issue. As Corrections Defendants concede, limited discovery may be permitted pursuant to Rule 56(d) when a party opposing summary judgment shows "it cannot present facts essential to justify its opposition." ECF 75 at 2 (quoting Fed. R. Civ. P. 56(d)). Indeed, Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declaration or to take discovery; or (3) issue any other appropriate order.

However, it is the burden of the non-movant, Plaintiff here, to demonstrate that additional discovery is necessary to respond to a dispositive motion. *Martin v. Cty. of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015). To do so, a Rule 56(d) affidavit or declaration must meet four requirements. *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010). First, it must identify "the probable facts not available." *Id*. (citation omitted). Second, it must state "why those facts cannot be presented currently." *Id*. Third, it must specify "what steps have been taken to obtain those facts. *Id*. And fourth, it must explain "how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Id*. "A party may not invoke [Rule 56(d)] by merely asserting that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable. Rather, the party must demonstrate precisely how additional discovery will lead to a genuine issue of material fact." *Ben Ezra, Weinstein, & Co., Inc. v. Am. Online Inc*., 206 F.3d 980, 987 (10th Cir. 2000).

In the context of an asserted qualified immunity defense, the Rule 56(d) burden is heightened, and the non-moving party must "demonstrate[] 'how . . . discovery will raise a genuine

4

fact issue *as to the defendants' qualified immunity claim.*'" *Martin*, 626 F. App'x at 740 (quoting *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994)) (emphasis added). Thus, it is Plaintiff's burden here to show how any requested discovery would raise a genuine issue of fact as to Corrections Defendants' qualified immunity claim. *See id.* at 740. Plaintiff has made no such showing.

To begin, neither Plaintiff's Motion for Extension of Time nor his Motion to Compel are supported by the affidavit or declaration Rule 56(d) describes. *See* ECFs 68, 69. Moreover, Plaintiff's conclusory argument that "discovery is required to amend, answer sum. judgement" does not suffice. *See* ECF 68. Plaintiff fails to demonstrate what, if any, probable facts are unavailable to him in the *Martinez* Report submitted by Defendants. Nor does he explain how the requested discovery would permit him to gather facts that would raise a genuine issue of fact as to Corrections Defendants' qualified immunity defense. Plaintiff has not made the requisite showing under Rule 56(d) and has, thus, failed to demonstrate any reason for lifting the discovery stay in this case.

Given the Court's Order Staying Discovery, which remains in place, and Plaintiff's failure to demonstrate that lifting the discovery stay is warranted, the Court will deny Plaintiff's Motion to Compel. Likewise, to the extent Plaintiff's request for an extension of time to respond to pending summary judgment motions is premised on the need for additional discovery, his request is denied. Even so, the Court will grant Plaintiff a twenty-one-day extension[4] to file his responses to Corrections Defendants' summary judgment motions based on the current record.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel [ECF 69] is

---

[4] Corrections Defendants explained in their Response to Plaintiff's Motion for Extension of Time that they did not oppose a reasonable extension of time for Plaintiff to file his responses to the pending summary judgment motions so long as that extension was not premised on additional time to complete discovery. ECF 75 at 3–4.

DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion for Extension of Time [ECF 68] is **GRANTED IN PART AND DENIED IN PART.** To the extent Plaintiff requests additional time to file his responses to Corrections Defendants' summary judgment motions [ECFs 57–61], the motion is **GRANTED**. In all other respects, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff may file his responses to Corrections Defendants' summary judgment motions no later than **November 21, 2023**, and Corrections Defendants' may file their corresponding replies no later than **December 11, 2023**.

**IT IS FINALLY ORDERED** that the Court will not grant further extensions of time for the filing of the parties' summary judgment briefs absent a showing of exceptional good cause.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE